IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GREGORY BARNETT GIRGGS | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv186 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Barnett Griggs, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner challenges a prison disciplinary conviction for attempting to establish an improper relationship. The Magistrate Judge concluded that because petitioner did not lose previously earned good conduct time credits as a result of the disciplinary conviction, he was not entitled to due process of law in connection with the proceeding.

Petitioner objects to this conclusion. However, based on the authorities cited by the Magistrate Judge, the punishment petitioner received did not constitute the type of "atypical and significant hardship" that would give rise to a protected liberty interest. Petitioner was therefore not entitled to due process of law.

Further, petitioner also complains that the disciplinary charge was written against him in retaliation for a grievance he wrote in 2008. Officer Ognoskie wrote the disciplinary case against petitioner in 2016. He states the charge was brought in retaliation for his filing a grievance against

Officer Ognoskie's uncle, a lieutenant or captain, in February, 2008.

To establish retaliation, a petitioner must allege the violation of a specific constitutional right and demonstrate that but for the retaliatory motive, the incident complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The petitioner "must provide direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Id.* Mere conclusory allegations by a petitioner are insufficient. The petitioner must allege more than his personal belief that he has been the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Petitioner has failed to satisfy this standard. He has not provided direct evidence of a retaliatory motive. Moreover, as the grievance was written against Officer Ognoskie's uncle more than eight years prior to petitioner's disciplinary case, he has failed to allege a chronology of events from which a retaliatory motive could be plausibly inferred. He had provided no more than his personal belief that the disciplinary proceeding was motivated by a desire to retaliate against him.

Finally, petitioner asserts there was no evidence to support the disciplinary conviction. He states Officer Ognoskie wrote in the offense report that petitioner told Officer Jeurgen that he wanted to marry her one day. Petitioner states he did not make this statement. However, in order to withstand federal habeas review, a finding of guilt in a prison disciplinary proceeding requires only the support of "some facts" or "any evidence at all." *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). The statement in the offense report constituted some evidence of petitioner's guilt. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (Information provided in a written incident report, standing alone, can satisfy the "some evidence" standard.) As a result, there was sufficient evidence to support the disciplinary conviction.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, petitioner has not shown that the issues presented are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**
**Apr 16, 2018**

_____
Ron Clark, United States District Judge